# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**GUILLERMO ORDUNO,**

    **Defendant.**　　　　　　　　　　　　　　**Case No. 06-cr-30166-DRH**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

    Before the Court is defendant Guillermo Orduno's Motion for Severance of Defendant for Trial (Doc. 366), to which the Government has filed an opposing Response (Doc. 375). The Motion states that Orduno was originally only charged with one count of possession with the intent to distribute cocaine in Count VI, along with three other individuals. There were also other codefendants charged in the same Indictment, but not as to Count VI. The three other codefendants charged in Count VI have already entered a plea of guilty and have been sentenced. Subsequently, the Government has returned a Third Superseding Indictment in this matter (Doc. 344), which charges two additional individuals in Count VI, along with Orduno. Orduno asserts that he has no association with these two new defendants in Count VI and is also not being charged for being involved in a conspiracy. Therefore, Orduno asserts that a joint trial with all of the codefendants in this matter would work to his prejudice by "linking" him to all of the codefendants. Orduno claims these codefendants are "unrelated" and an unsevered trial could potentially

convince the jury that he was guilty, not by the evidence of the case, but merely on a "guilt by association" theory with the other unrelated codefendants.

The joinder of multiple defendants in an indictment is allowed under **Federal Rule of Criminal Procedure 8(b)** when the Government has alleged that the defendants "have participated in the . . . same series of acts or transactions constituting an offense or offenses." ***United States v. Ras*, 713 F.2d 311, 315 (7th Cir. 1983)(quoting Fed. R. Crim. P. 8(b) and citing *United States v. Garza*, 664 F.2d 135, 142 (7th Cir. 1981), *cert. denied*, 455 U.S. 993, 102 S. Ct. 1620 (1982))**. In this case, the Government argues that Orduno was originally charged with possession with intent to distribute cocaine, along with three other codefendants, one of whom was also charged with conspiracy to distribute cocaine and marijuana, distribution of marijuana and distribution of cocaine. It feels this is sufficient to find Orduno was properly joined pursuant to **Rule 8(b)**. As in *Ras*, Orduno appears to have been properly joined in a single Indictment with the other codefendants as "[a]ll counts of the indictment [deal] with acts committed by the defendants in furtherance of a single, ongoing conspiracy. The charge of conspiracy in Count 1 serve[s] to link the substantive counts against the various defendants . . . satisf[ying] the relatedness requirement of **Rule 8(b)** and justif[ying] joinder." *Id.*

Once it is determined that the defendants have been joined in accordance with **Rule 8**, the moving defendant may only be entitled to a severance pursuant to **Rule 14** if proven that joinder will be prejudicial to that defendant, as

joint trials (when dealing with charges such as conspiracy) are generally favored for their efficiency. ***Id.* (citing *United States v. Tanner*, 471 F.2d 128, 137 (7th Cir. 1972));** *see also **United States v. Williams*, 858 F.2d 1218, 1223 (7th Cir. 1988); *United States v. Sophie*, 900 F.2d 1064, (7th Cir. 1990)***. In fact, this is a "heavy burden" for the moving defendant to establish, as it is not enough to merely show "that a separate trial would result in a better chance of acquittal . . . ." ***Williams*, 858 F.2d at 1224 (citing *United States v. Moschiano*, 695 F.2d 236 (7th Cir. 1982))**. Instead, the moving defendant must demonstrate that he or she would be unable to obtain a fair trial without a severance. ***United States v. Lopez*, 6 F.3d 1281, 1285 (7th Cir. 1993)**.

Orduno raises two causal grounds he believes supports his request for severance: the risk of guilt by association and jury confusion. His conclusory assertions that joinder with his codefendants would be highly prejudicial to him, without more, are insufficient grounds for the Court to grant a severance. The mere speculation that the jury will impute guilt upon the defendant because he is tried jointly with other codefendants does not show prejudice, *per se*, warranting a severance. ***See United States v. Arvanitis*, 676 F. Supp. 840, 848 (N.D. Ill. 1987) (citing *United States v. Zanin*, 831 F.2d 740, 744 (7th Cir. 1987))**. Further, Orduno has not established that there exists such a disparity of evidence between himself and his codefendants that it would prevent (or confuse) the jury from sorting the evidence and properly applying it to the appropriate defendant.

Nonetheless, the law presumes juries capable of "sorting through the evidence and considering the cause of each defendant separately." **United States v. Williams, 858 F.2d 1218, 1225 (7th Cir. 1988)**. This presumption is based upon the notion that any potential jury confusion can be avoided or remedied by giving the appropriate cautionary or limiting instructions to the jury. ***Zanin*, 831 F.2d at 744 (citing *United States v. Kendall*, 665 F.2d 126, 137 (7th Cir. 1981), *cert. denied*, 455 U.S. 1021 (1982))**.

Therefore, the Motion for Severance (Doc. 366) is hereby **DENIED** due to Orduno's failure to provide any substantive reasoning bolstering his assertions that a severance is necessary, especially when balanced against the public interest in having persons jointly indicted tried together. ***United States v. Papia*, 560 F.2d 827, 836-37 (7th Cir. 1977) (citing *United States v. Echeles*, 352 F.2d 892, 896-97 (7th Cir. 1965) ("Moreover, in considering a motion for severance, the trial judge should give due deference to the strong public interest in having persons jointly indicted tried together, particularly where, as here, a conspiracy is charged and may be proved by evidence that arises out of the same act or series of acts.")**.

**IT IS SO ORDERED.**

Signed this 4th day of April, 2008.

/s/   *David R Herndon*
**Chief Judge
United States District Court**