IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GUILLERMO ORDUNO,

    Defendant.                                Case No. 06-cr-30166-11-DRH

**ORDER**

**HERNDON, District Judge:**

    Before the Court is defendant Guillermo Orduno's Motion to Set Aside Judgment (Doc. 517) and Motion for Acquittal (Doc. 518).[1] Defendant filed these Motions *pro se* even though he is currently represented by counsel. While it is at the Court's discretion, a *pro se* motion filed while the movant is represented by counsel, may be stricken as improper. **See, e.g., United States v. Gwiazdzinski, 141 F.3d 784, 787 (7th Cir. 1998)**. The record does not show that Defendant's attorney ever moved to withdraw his representation. Under the Local Rules, an attorney may not withdraw an entry of appearance for a party without leave of court. **S.D. ILL. L. R. 83.1(f)**. The Court finds it proper in this instance to strike these Motions, as they

---

[1] The Court notes that these Motions appear to be "placeholders" of some sort, as they do not contain any substantive arguments, but rather, each states the following: "Amend Later" (Docs. 517 & 518).

was filed *pro se* by Defendant while he was still apparently represented by counsel.

As an aside, even if the Court were not to strike the Motions as improperly filed, it would find that they must be denied for being untimely filed in accordance with **FEDERAL RULES OF CRIMINAL PROCEDURE 29 and 33**. Rule 29 governs motions for a judgment of acquittal and Rule 33 governs motions for new trial (the Court construes Defendant's Motion to Set Aside Judgment as a Motion for New Trial). Rule 29 requires that a defendant (or his counsel) "move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict . . . ." **FED. R. CRIM. P. 29.** Similarly, unless a motion for new trial is "grounded on newly discovered evidence," Rule 33 requires such motion be filed "within 7 days after the verdict or finding of guilty." **FED. R. CRIM. P. 33**. Defendant fails to give any legal grounds to support either Motion, let alone presents new evidence warranting a new trial. The jury returned its verdict finding Defendant guilty in this case on August 13, 2008 (Doc. 489). Defendant's *pro se* Motions are dated August 21, 2008. Albeit this is only one day over the seven-day filing deadline, it still exceeds the deadline. ***See, e.g., United States v. Brown*, 742 F.2d 363, (7th Cir. 1984) ("[A] district court may not entertain a motion for new trial filed beyond the 7-day limit in Rule 33 . . . .") (citations omitted)**. Coupled with the fact that Defendant was represented by counsel when he filed these Motions gives the Court ample reason to strike them.

In conclusion, Defendant's Motion to Set Aside Judgment (Doc. 517) and Motion for Acquittal (Doc. 518) are hereby **STRICKEN** from the record as being improperly filed, *pro se*, while Defendant was represented by counsel.

As an additional matter, Defendant also sent his Notice of Appeal to the Clerk of the Court for e-filing. Thus, the Clerk of the Court is hereby directed to file Defendant's Notice of Appeal once Judgment is entered in this case, following Defendant's sentencing hearing,

**IT IS SO ORDERED**.

Signed this 9th day of September, 2008.

/s/ David R Herndon
**Chief Judge**
**United States District Court**